1  Douglas M. Butz, Esq. (SBN 060722)
   dmbutz@butzdunn.com
2  Jocelyn D. Hannah, Esq. (SBN 224666)
   jhannah@butzdunn.com
3  David D. Cardone, Esq. (SBN 254954)
   dcardone@butzdunn.com
4  BUTZ DUNN & DESANTIS
   A PROFESSIONAL CORPORATION
5  Attorneys At Law
   101 West Broadway, Suite 1700
6  San Diego, California 92101-8289
   (619) 233-4777 / Facsimile (619) 231-0341
7  and
8  BARRY L. COHEN, ESQ.
   bcohen@thorpreed.com
9  JERRI A. RYAN, ESQ. (SBN 201814)
   jryan@thorpreed.com
10 THORP REED & ARMSTRONG, LLP
11 2005 Market Street, Suite 1910
   Philadelphia, Pennsylvania 19103
12 Telephone: (215) 640-8500
   Facsimile : (215) 640-8501
13
14 Attorneys for Plaintiff,
   United States Golf Association, Inc.
15



**SEALED**

**FILED**

JUN 05 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

*(left margin, vertical)* BUTZ DUNN DESANTIS  A PROFESSIONAL CORPORATION  101 WEST BROADWAY, SUITE 1700  SAN DIEGO, CALIFORNIA 92101  (619) 233-4777

*(left margin, vertical)* ORIGINAL

16              **UNITED STATES DISTRICT COURT**

17            **SOUTHERN DISTRICT OF CALIFORNIA**

18 UNITED STATES GOLF ASSOCIATION,     )  CASE NO. '08 CV 0981 JM JMA
   INC.                                )
19          Plaintiff,                 )  PLAINTIFF'S EX PARTE MOTION
                                       )  FOR TEMPORARY RESTRAINING
20 vs.                                 )  ORDER, ORDER FOR SEIZURE
                                       )  OF INFRINGING GOODS, AND
21 VARIOUS JOHN and JANE DOES          )  FOR PRELIMINARY INJUNCTION
   Individuals                         )
22                                     )
   and                                 )
23                                     )
   VARIOUS XYZ ENTITIES,               )
24          Defendants.                )
                                       )
25

26

27

28

                              1
PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

1    Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and the Federal

2    Trademark Act, 15 U.S.C. §§ 1114, 1116(d), 1125, Plaintiff United States Golf Association,

3    Inc. ("USGA" or "Plaintiff"), hereby applies to this Court for a temporary restraining order to

4    enjoin Defendants' unauthorized production, distribution, and sale of merchandise and

5    memorabilia bearing or referring to marks identical or confusingly similar to the USGA's marks

6    ("Unauthorized Merchandise"), and an order directing the United States Marshal, his deputies,

7    or a federal, state, or local law enforcement agency or any person empowered by this Court to

8    seize Unauthorized Merchandise wherever it may be found within San Diego County,

9    California, and/or within twenty-five (25) miles of Torrey Pines Golf Course or at other

10   locations within the City of San Diego identified by Plaintiff's counsel, Thorp Reed &

11   Armstrong, LLP and Butz, Dunn & DeSantis, APC.  In support of this Motion, USGA submits

12   herewith a Verified Complaint, a supporting Brief, supporting Affidavits, and a proposed Order.

13   In further support of this Motion, Plaintiff states:

14        1.    As more fully set forth in Plaintiff's Verified Complaint, the USGA is conducting

15   its annual UNITED STATES OPEN CHAMPIONSHIP (also known as the "U.S. OPEN") at

16   Torrey Pines South Golf Course which is located in City of San Diego, during the period of

17   June 12 though 15, 2008 (with practice rounds beginning on June 9, 2008).[1]  Based on past

18   experiences, the USGA reasonably believes that Defendants John and Jane Does and XYZ

19   Entities, whose identities and precise whereabouts are presently unknown to Plaintiff, will be

20   selling Unauthorized Merchandise in San Diego County, California.  Plaintiff has not authorized

21   or approved the manufacture, distribution, or sale of the Unauthorized Merchandise and, based

22   on past experience, the Unauthorized Merchandise will be of inferior quality.

23        2.    The Proposed Order is authorized by the Federal Trademark Act, 15 U.S.C. §§

24   1116(a), 1116(d), and the All Writs Act, 28 U.S.C. § 1651, and is substantially similar to the *ex*

25   *parte* temporary restraining orders that Plaintiff USGA has obtained in connection with prior

26

27

28   [1]   If there is a tie for the lead after 72 holes of play, then an 18-hole playoff will be held on Monday, June 16,
     2008 at Torrey Pines Golf Course.

PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

1   U.S. OPENs.  Copies of some of these Orders from various District Courts are attached as

2   Exhibit "A" to this Motion for the Court's convenient reference.

3       3.    There is a strong probability that Plaintiff will prevail on the merits of its claims

4   of false designation of origin, trademark infringement, and trafficking in goods bearing

5   counterfeit marks.  Defendants' actions will cause consumer confusion by misleading the public

6   into thinking that Defendants' Unauthorized Merchandise is manufactured, sponsored, endorsed,

7   or approved by Plaintiff.

8       4.    The threat of irreparable harm to Plaintiff is clear and substantial.  Plaintiff will

9   suffer immediate and irreparable injury if the Unauthorized Merchandise is not seized because,

10  (a) Plaintiff will lose sales of its genuine goods, which sales cannot be recovered after the close

11  of the U.S. OPEN; (b) Plaintiff will have no remedy at law against Defendants because Plaintiff

12  will have no way of learning Defendants' identities or the volume of the Defendants' sales of

13  Unauthorized Merchandise; (c) Defendants' Unauthorized Merchandise is believed to be of

14  lower price and inferior quality to Plaintiff's genuine goods and therefore Plaintiff will suffer

15  injury to its reputation due to the sale of the Unauthorized Merchandise; and (d) Plaintiff will

16  lose its ability to control its reputation embodied by and associated with its Marks.  Issuance of

17  the requested temporary restraining order and the seizure order is in the public interest to protect

18  the public against confusion, deception, and mistake.

19      5.    The harm to Plaintiff in denying this Motion outweighs the harm to the

20  legitimate interest of Defendants.  Indeed, Defendants have no legitimate interest in the sale of

21  Unauthorized Merchandise.  Furthermore, Plaintiff will be irreparably harmed by Defendants'

22  conduct as described in Paragraph 4, supra, if the requested Order is denied.  The need for

23  immediate relief from the Court is great as the substantial sale of the infringing goods, with its

24  corresponding injury to Plaintiff, is expected to commence in the immediate future.  Plaintiff is

25  prepared to post a bond if required to provide security to protect Defendants' interests as may be

26  required under 15 U.S.C. § 1116(d)(4)(A).  In the past, prior United States District Judges have

27  requested that USGA post a bond in the general range of $5,000 to $10,000 for similar types of

28  requested relief.  See Exhibit "A."

3

PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

6.    Notice of this *Ex Parte* Motion has not been provided to Defendants because such notice would likely cause Defendants to destroy, move or hide their Unauthorized Merchandise or otherwise make it inaccessible to this Court.  Further, Plaintiff requests this Court to enter an order authorizing the immediate seizure of these infringing goods.  As shown in the accompanying Brief, *ex parte* orders authorizing the seizure of counterfeit merchandise owned by John and Jane Does and XYZ Entities have been granted routinely in cases like the instant case.

7.    An *ex parte* temporary restraining order and a seizure order is necessary to achieve the purposes of 15 U.S.C. §§ 1114, 1125(a), and to protect Plaintiff from immediate or irreparable injury.

8.    Plaintiff has not publicized the requested seizure as is prohibited under 15 U.S.C. § 1116(d)(4)(B)(ii).

9.    Plaintiff has complied with all statutory requirements for the issuance of a temporary restraining order under 15 U.S.C. § 1116(a) and, further, a seizure order under 15 U.S.C. § 1116(d), to wit: (a) Plaintiff has provided prior written notice of this Motion to the United States Attorney for the judicial district as required by 15 U.S.C. § 1116(d)(2) (a copy of said notice is attached hereto as Exhibit "B"); (b) this Motion is based on a Verified Complaint as required by 15 U.S.C. § 1116(d)(3)(A); (c) this Motion and accompanying Proposed Order contain the information required by U.S.C. § 1116(d)(3), (5); (d) Plaintiff is willing to post a security determined adequate by the Court in case of wrongful seizures as required by 15 U.S.C. § 1116(d)(4)(A); (e) Plaintiff has provided the specific facts in this Motion, in the Verified Complaint and in the accompanying Brief as required by 15 U.S.C. § 1116(d)(5)(B); and (f) Plaintiff is seeking an Order sealing the file of this action, as required by 15 U.S.C. § 1116(d)(8) (a copy of which is attached as Exhibit "C").

10.    In support of this Motion, Plaintiff also hereby attaches as Exhibit "D" an Affidavit from Lieutenant Daniel Christman of the San Diego Police Department.

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

1       WHEREFORE, Plaintiff respectfully requests that this Court grant its Motion and enter

2   an Order in the form provided and simultaneously filed with the present Motion and Verified

3   Complaint.

4       Dated: ___6/2/08___

                                          Respectfully submitted,

                                          BUTZ DUNN & DeSANTIS, APC

                                          _____

                                          DOUGLAS M. BUTZ, ESQ.

                                          JOCELYN D. HANNAH, ESQ.

                                          DAVID D. CARDONE, ESQ.

Respectfully submitted,

BUTZ DUNN & DeSANTIS, APC

_____

DOUGLAS M. BUTZ, ESQ.
JOCELYN D. HANNAH, ESQ.
DAVID D. CARDONE, ESQ.
BUTZ, DUNN & DeSANTIS, APC.
101 West Broadway, Ste. 1700
San Diego, CA  92101
Telephone: (619) 233-4777
Facsimile:  (619) 231-0341
Email: dmbutz@butzdunn.com
      jhannah@butzdunn.com
      dcardone@butzdunn.com


and

THORP REED & ARMSTRONG, LLP
BARRY L. COHEN, ESQ.
JERRI A. RYAN, ESQ.
2005 Market Street
One Commerce Square, Suite 1910
Philadelphia, PA  19103
Tel: (215) 640-8500
Fax: (215) 650-8501
Email: bcohen@thorpreed.com
      jryan@thorpreed.com

*Attorneys for Plaintiff,*
*United States Golf Association, Inc*

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

5

*UNITED STATES GOLF ASSOCIATION, INC. v. VARIOUS JOHN and JANE DOES, Individuals and VARIOUS XYZ ENTITIES*
USDC Case No. _____

INDEX OF EXHIBITS TO PLAINTIFF'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER,
ORDER FOR SEIZURE OF INFRINGING GOODS,
AND FOR PRELIMINARY INJUNCTION

| EXHIBIT | DOCUMENT | PAGE |
|---|---|---|
| "A" | VARIOUS DISTRICT COURT ORDERS GRANTING TEMPORARY RESTRAINING ORDERS | 1 of 49 |
| "B" | JUNE 2, 2008 LETTER TO KAREN P. HEWITT UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF CALIFORNIA | 43 of 49 |
| "C" | [PROPOSED] ORDER | 44 of 49 |
| "D" | AFFIDAVIT OF LIEUTENANT DANIEL CHRISTMAN | 46 of 49 |

BUTZ DUNN & DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES GOLF ASSOCIATION, INC.**<br>**Golf House**<br>**77 Liberty Corner Road**<br>**Far Hills, New Jersey 07931**<br><br>**And**<br><br>**OAKMONT COUNTRY CLUB,**<br>**1233 Hulton Road**<br>**Oakmont, Pennsylvania 15139**<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARIOUS JOHN and JANE DOES,**<br>**Individuals**<br><br>and<br><br>**VARIOUS XYZ CORPORATION**<br><br>**Defendants.** | **Case No. 07 CV ❡756** |

... ...IED FROM THE RECORD
Date *6-5-07*
ROBERT V. BARTH, JR.
By *Sharon M Cooley*
Deputy Clerk

## TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF INFRINGING GOODS, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

This matter having come on for hearing on Plaintiffs' *ex parte* Motion for a Temporary Restraining Order and Order for Seizure of Infringing goods (the "Motion"), and, after due consideration thereof, and for good cause shown, the Court makes the following findings of fact and conclusions of law and grants Plaintiffs' Motion:

1.    Plaintiff United States Golf Association Inc. ("USGA") owns the federally registered marks "UNITED STATES OPEN CHAMPIONSHIP," "U.S. OPEN," "U.S. OPEN CHAMPIONSHIP," "UNITED STATES OPEN" and "OPEN" for golf championships, shirts,

00799362.DOC

**Exhibit A**
1 of 49

hats, bags, clothing and a variety of goods associated with a major sporting event (hereinafter "USGA Marks"). Plaintiff Oakmont Country Club ("Oakmont") owns the federally registered marks "OAKMONT COUNTRY CLUB" and "OAKMONT" for golfing services, shirts, hats, bags clothing and a variety of goods associated with a country club and the common law mark OAKMONT for similar goods and services (hereinafter "Oakmont Marks"). Plaintiffs also own rights in the 2007 U.S. OPEN Logo. The USGA Marks, the Oakmont Marks and the 2007 U.S. OPEN Logo are collectively referred to as "Plaintiffs' Marks." Plaintiffs' Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, term, name, symbol, or device confusingly similar to any of the foregoing marks shall be known herein as the "Enjoined Goods." (USGA and Oakmont are collectively referred to as "Plaintiffs".)

2. Plaintiffs have the exclusive right to apply and license others to apply Plaintiffs' Marks to goods and to use Plaintiffs' Marks in connection with rendering services.

3. Defendants are not licensed by Plaintiffs or to use Plaintiffs' Marks.

4. It appears to this Court that defendants are or will be present in Allegheny County or within 20 miles of Oakmont Country Club between June 9, 2007 and June 18, 2007 for the purpose of manufacturing, distributing, offering for sale, or selling the Enjoined Goods.

5. The Enjoined Goods bear "counterfeit marks" within the meaning of 15 U.S.C. §1116(d).

6. Distribution, sale or offering the sale of the Enjoined Goods causes confusion and mistake and is likely to deceive and constitutes trademark infringement under 15 U.S.C. §1114.

7. Distribution, sale, or offering the sale of the Enjoined Goods constitutes false designation of origin and trademark infringement under 15 U.S.C. §11125(a).

00799362.DOC

-2-

Exhibit A

2 of 49

8.     This Court has the power to grant an *ex parte* Temporary Restraining Order and a Seizure Order for goods that bear counterfeits of federally registered trademarks under 15 U.S.C. §1116(d).

9.     This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant an *ex parte* Temporary Restraining Order and a Seizure Order for goods that bear infringing (but not counterfeit) marks within the meaning of 15 U.S.C. §1116(d).

10.     No other order than an *ex parte* Seizure Order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§1114, 1116 and 1125(a).

11.     Plaintiffs are likely to succeed in showing that defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

12.     Notice of this Motion need not be given to defendants prior to the *ex parte* hearing because:  (a) the identities and whereabouts of defendants are presently unknown; (b) defendants have no business identity or stable place of business before or after the 2007 U.S. OPEN Championship being held at Oakmont and cannot be identified; and (c) defendants who can be located and identified may cause the immediate concealment of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

13.     Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* Temporary Restraining Order and a Seizure Order.

14.     The materials subject to said Seizure Order will be located in Allegheny County, Pennsylvania and/or within 20 miles of the Oakmont Country Club and/or at locations to be identified by Plaintiffs to the United States Marshal or other state and/or local law enforcement

Exhibit A

3 of 49

officer or persons empowered by this Court to enforce said order. All said locations are within the Western District of Pennsylvania.

15.    The harm to Plaintiffs, should this Court not grant the requested Temporary Restraining Order and a Seizure Order, clearly outweighs any harm which the defendants might incur lithe Temporary Restraining Order and a Seizure Order are granted.

16.    Plaintiffs have not publicized the requested seizure.

17.    Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

18.    Plaintiffs have requested that the file of this case be sealed as required by 15 U.S.C. §1116(d)(8).

19.    Plaintiffs have complied with all statutory requirements for the issuance of an *ex parte* Temporary Restraining Order and Seizure Order.

It is accordingly ORDERED and ADJUDGED that, effective 12:01 a.m. on June 9, 2007:

1.    The defendants, JOHN and JANE DOES and XYZ CORPORATIONS, and his, her, and their partners, associates, agents, servants, employees, representatives and assigns, and all others under his, her or their control or acting in concert with him, her or them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

a.    manufacturing, assembling, selling, offering for sale, distributing or offering to distribute any merchandise or memorabilia which have not been authorized by Plaintiffs and which bear the trademarks of Plaintiffs (alone or in combination with other terms and/or designs), or any marks confusingly similar thereto (hereinafter "Enjoined Goods") as follows:

i.    'UNITED STATES OPEN CHAMPIONSHIP";

-4-

00799362.DOC

    ii.    "U.S. OPEN";

    iii.    "U.S. OPEN CHAMPIONSHIP";

    iv.    "UNITED STATES OPEN";

    v.    "OPEN"; ·

    vi.    "OAKMONT";

    vii.    "OAKMONT COUNTRY CLUB"; and

    viii.    2007 U.S. OPEN Logo; and

    b.    Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by Plaintiffs and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin, sponsorship, or approval of the Enjoined Goods.

    2.    The United States Marshal and his deputies and any other federal, state or local law enforcement agency or any other person empowered by this Court, including Plaintiffs' private security detail are hereby authorized and directed, with the assistance of Plaintiffs' representative to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, means of making them, in the possession, dominion or control of defendants, their agents or persons acting in concert with them within Allegheny County, Pennsylvania and/or within 20 miles of Oakmont Country Club and/or at any other location within the Western District of Pennsylvania identified by Plaintiffs' counsel, Thorp Reed & Armstrong, LLP.

    3.    Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each defendant shall be served with a copy of (i) this Order, including a notice in the form of Exhibit "A" hereto, and (ii) a Summons and the Verified Complaint in this action. A written receipt for all goods seized shall be given to the person from whom the goods are taken. The seized goods shall be kept in identifiable containers. The seized goods shall be tendered to

00799362.DOC

**Exhibit A** ·

5 of 49

Plaintiffs' counsel by the law enforcement agency or organization or authorized person seizing them. Plaintiffs' counsel shall keep safely and maintain the seized goods and shall bring them to the Court at any hearing to confirm or challenge a seizure.

4.     Any person authorized by this Order to make said seizure is also authorized to serve process in this cause, and pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointed a special process server in this action. Any unnamed defendant may be served with process by handing said defendant a copy of the Summons and Verified Complaint in this action.

5.     This Order is being issued without notice to protect Plaintiffs from irreparable injury to their trademarks, service marks, names, and goodwill which may arise if defendants should dissipate or transfer to any third-party any of the goods which are the subject of this Order.

6.     To effectuate and accomplish the Order herein, all appropriate law enforcement officials or other persons are permitted to break and enter any door, safe, entry, file, drawer, case, envelope, box or other storage container, and any automobile, truck, van, bus or other vehicle. If any defendant or other person fails to permit the persons described herein access in any manner or interferes with the execution of this Order, the person executing said Order is authorized to use all force reasonably necessary to effectuate such order. Persons executing this Order are authorized to obtain samples, photographs and other evidence of infringing goods and the circumstances of the sale, offering for sale or distribution of the Enjoined Goods.

7.     Defendants shall cooperate with law enforcement officials and other persons executing such seizure and shall provide the items sought to be seized whenever such items are maintained.

8.     Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

-6-

00799362.DOC

Exhibit A

6 of 49

9.    Plaintiffs shall, by 4:00 p.m. on Friday, June 8, 2007, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $ *10,000*  for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

10.    Unless extended by the Court, this Order shall expire at 11:59 p.m. on June 18, 2007.

11.    IT IS FURTHER ORDERED that a hearing on preliminary injunction is set for June *19*, 2007, at *9:15 a*.m. at the United States Courthouse, 7th & Grant Streets, Pittsburgh, Pennsylvania 15219, and defendants are ordered to appear and then and there show cause, if any they have, why said injunction should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

12.    This Order or copies thereof may be served by any person over the age of 18 years who is not a party to this action.

13.    All persons who become aware of this Action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and defendants may confer with attorneys concerning representation in this action.

Done and dated at Pittsburgh, Pennsylvania, this *5*th day of June, 2007, at *4:20 p*.m.

_____
United States District Judge

00799362.DOC

**Exhibit A**

7 of 49

## EXHIBIT A

**NOTICE:**

Your Property Has Been Seized By Court Order

The United States District Court for the Western District of Pennsylvania has ordered the seizure of counterfeit goods which violate the rights of the United States Golf Association, Inc. and/or Oakmont Country Club.

Plaintiffs in this action seek an order of destruction and/or other disposal of these counterfeit items.

You are a Defendant in This Lawsuit.

You can contest this Lawsuit by:

1.      Identifying yourself.  You will be issued a receipt specifying the number and kind of items seized.

2.      You can, at the time and place specified in the attached Order, appear in Court and make any claim you wish.

3.      You may obtain a complete set of pleadings, motions and supporting papers in this lawsuit at no charge from either:

| | |
|---|---|
| Barry L. Cohen, Esq., | Jerri A. Ryan, Esq. |
| Thorp Reed & Armstrong, LLP | Thorp Reed & Armstrong, LLP |
| One Commerce Square | One Oxford Centre |
| 2005 Market Street, Suite 1910 | 301 Grant Street, 14th Fl. |
| Philadelphia, PA 19103 | Pittsburgh, PA 15219 |
| Telephone: (215) 640-8500 | Telephone: (412) 394-7711 |
| Email: bcohen@thorpreed.com | Email: jryan@thorpreed.com |

4.      In addition to attending the hearing, an answer to the complaint must be served and filed within twenty (20) days.  YOU SHOULD CONSULT AN ATTORNEY.

FAILURE TO CONTEST THIS ACTION WILL RESULT IN FORFEITURE OF THE PROPERTY SEIZED AND COULD RESULT IN THE ENTRY OF A DEFAULT JUDGMENT PERMANENTLY ENJOINING YOU FROM SELLING MERCHANDISE THAT VIOLATES THE RIGHTS OF UNITED STATES GOLF ASSOCIATION, INC. AND/OR OAKMONT COUNTRY CLUB.

00799362.DOC

Exhibit A

8 of 49

JUN-13-05   10:11am   From-United States District Court for MDNC   +3363326048      T-338   P.001   F-494

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 05 CV _____

| | |
|---|---|
| UNITED STATES GOLF ASSOCIATION, INC., a Delaware corporation<br><br>and<br><br>PINEHURST, INC., a North Carolina corporation<br><br>    Plaintiffs,<br><br>v.<br><br>VARIOUS JOHN and JANE DOES, Individuals,<br><br>and<br><br>VARIOUS XYZ CORPORATIONS<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:05CV00522

FILED
JUN 1 3 2005
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
BY ..........

**TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF INFRINGING GOODS, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

This matter having come on for hearing on Plaintiffs ex parte Application for a Temporary Restraining Order and Order for Seizure of Infringing goods (the "Application"), and, after due consideration thereof, and for good cause shown, the Court makes the following findings of fact and conclusions of law and grants plaintiffs Application:

1.   Plaintiff United States Golf Association owns the federally registered marks "UNITED STATES OPEN CHAMPIONSHIP," "U.S. OPEN," "U.S. OPEN CHAMPIONSHIP," "UNITED STATES OPEN" and "OPEN", for golf championships, hats, clothing and a variety of goods associated with a major sporting event. Plaintiff Pinehurst, Inc. owns the federally registered mark "Pinehurst" for resort and golfing services, hats, clothing and

**EXHIBIT**
**A**

Exhibit A
9 of 49

a variety of goods associated with a major public golf resort, and the common law mark for

"Pinehurst No. 2" for the golfing services, hats, clothing and a wide variety of goods. Plaintiffs

also own rights in the 2005 U.S. OPEN Logo. Plaintiffs' marks are distinctive and are widely

recognized by the public. Goods that bear or refer to any mark, word, term, name, symbol, or

device confusingly similar to any of the foregoing marks shall be known herein as the "Enjoined

Goods."

2.      Plaintiffs have the exclusive right to apply and license others to apply Plaintiffs'

marks to hats, clothing, golfing merchandise, and memorabilia associated with major sporting

events like the U.S. Open and major golf resorts like Pinehurst, and to use Plaintiffs' marks in

connection with rendering golfing services or conducting golf tournaments.

3.      Defendants are not licensed by Plaintiffs to use Plaintiffs' marks.

4.      It appears to this Court that defendants are or will be present in Moore County,

the Village of Pinehurst, or within 20 miles of the Pinehurst resort between the date of entry of

this Order and June 19, 2005 for the purpose of manufacturing, distributing, offering for sale, or

selling the Enjoined Goods.

5.      The Enjoined Goods bear "counterfeit marks" within the meaning of 15 U.S.C. §

1116(d).

6.      Distribution, sale or offering the sale of the Enjoined Goods causes confusion and

mistake and is likely to deceive and constitutes trademark infringement under 15 U.S.C. §§ 1114

and 1125(a).

7.      Distribution, sale, or offering the sale of the Enjoined Goods constitutes false

designation of origin and trademark infringement under 15. U.S.C. § 1125(a).

8.      This Court has the power to grant an ex parte Temporary Restraining Order and a

Exhibit A

10 of 49

Seizure Order for goods that bear counterfeits of federally registered trademarks under 15 U.S.C. § 1116(d).

9.     This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant an ex parte Temporary Restraining Order and a Seizure Order for goods that bear infringing (but not counterfeit) marks within the meaning of 15 U.S.C. § 1116(d).

10.     No other order than an ex parte Seizure Order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

11.     Plaintiffs are likely to succeed in showing that defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

12.     Notice of this Motion need not be given to defendants prior to the ex parte hearing because: (a) the identities and whereabouts of defendants are presently unknown; (b) defendants have no business identity or stable place of business before or after the U.S. OPEN golf tournament and cannot be identified; (c) defendants who can be located and identified may cause the immediate concealment of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

13.     Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte (Full) Temporary Restraining Order and a Seizure Order.

14.     The materials subject to said Seizure Order will be located in Moore County, North Carolina, the Village of Pinehurst and/or within 20 miles of the Pinehurst resort and/or at locations within the State of North Carolina to be identified by Plaintiffs' counsel of record to the United States Marshal or other law enforcement officer or person empowered by this Court to

Exhibit A

enforce said order. All said locations are within the State of North Carolina.

15.   The harm to Plaintiffs, should this Court not grant the requested Temporary Restraining Order and a Seizure Order, clearly outweighs any harm which the defendants might incur if the Temporary Restraining Order and a Seizure Order is granted.

16.   Plaintiffs have not publicized the requested seizure.

17.   Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

18.   Plaintiffs have requested that the file of this case be sealed as required by 15 U.S.C. § 1116(d)(8).

19.   Plaintiffs have complied with all statutory requirements for the issuance of an ex parte Temporary Restraining Order and Seizure Order.

It is accordingly ORDERED and ADJUDGED that, effective 9:00 a.m. on June *13*, 2005:

1.   The defendants, JOHN and JANE DOES and XYZ CORPORATIONS, and his, her, and their partners, associates, agents, servants, employees, representatives and assigns, and all others under his, her or their control or acting in concert with him, her or them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

a.   manufacturing, assembling, selling, offering for sale, distributing or offering to distribute any merchandise or memorabilia which have not been authorized by Plaintiffs and which bear the marks of Plaintiff, or any marks confusingly similar thereto alone or in combination with other terms or designs as follows:

i.   "UNITED STATES OPEN CHAMPIONSHIP";

Exhibit A

12 of 49

    ii.    "U.S. OPEN";

    iii.    "U.S. OPEN CHAMPIONSHIP";

    iv.    "UNITED STATES OPEN";

    v.    "OPEN";

    vi.    "Pinehurst"

    vii.    "Pinehurst Resort"

    viii.    "Pinehurst Resort and Country Club"

    ix.    "Pinehurst No. 2"

    x.    2005 U.S. OPEN Logo.

(Hereinafter "Enjoined Goods"); and

    b.    Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by Plaintiffs and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin, sponsorship, or approval of the Enjoined Goods.

    2.    The United States Marshal and his deputies and any other federal, state or local law enforcement agency or any other person empowered by this Court are hereby authorized and directed, with the assistance of Plaintiffs' representative to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, means of making them, in the possession, dominion or control of defendants, their agents or persons acting in concert with them within Moore County, North Carolina and/or within 20 miles of the Pinehurst resort and/or at any other location within the State of North Carolina identified by Plaintiffs' counsel, Womble Carlyle Sandridge & Rice, PLLC.

    3.    Simultaneously with said seizure, or as soon thereafter as is practical under the

Exhibit A

Jun-13-05   10:12am   From-United States District Court for MDNC   +3363326048   T-338   P.006   F-494

circumstances, each defendant shall be served with a copy of (i) this Order, including a notice in the form of Exhibit A hereto, and (ii) a Summons and the Verified Complaint in this action. A written receipt for all goods seized shall be given to the person from whom the goods are taken. The seized goods shall be kept in identifiable containers. The seized goods shall be tendered to Plaintiffs' counsel by the law enforcement agency or organization seizing them. Plaintiffs' counsel shall keep safely and maintain the seized goods and shall bring them to the Court at any hearing to confirm or challenge a seizure.

4.      Any person authorized by this Order to make said seizure is also authorized to serve process in this cause, and pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointed a special process server in this action. Any unnamed defendant may be served with process by handing said defendant a copy of the Summons and Verified Complaint in this action.

5.      This Order is being issued without notice to protect Plaintiffs from irreparable injury to its trademarks, service marks, name, and goodwill which may arise if defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

6.      ~~To effectuate and accomplish the Order herein, all appropriate law enforcement officials or other persons are permitted to break and enter any door, safe, entry, file, drawer, case, envelope, box or other storage container, and any automobile, truck, van, bus or other vehicle. If any defendant or other person fails to permit the persons described herein access in any manner or interferes with the execution of this Order, the person executing said Order is authorized to use all force reasonably necessary to effectuate such order.~~ (FWB) Persons executing this Order are authorized to obtain samples, photographs and other evidence of infringing goods and the circumstances of the sale, offering for sale or distribution of the Enjoined Goods.

Exhibit A

14 of 49

7.    Defendants shall cooperate with law enforcement officials and other persons executing such seizure and shall provide the items sought to be seized wherever such items are maintained.

8.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

9.    Plaintiffs shall, within seventy-two (72) hours, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of _10,000_ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

10.    Unless extended by the Court, this Order shall expire at 11:59 p.m. on June _22_, 2005.

11.    IT IS FURTHER ORDERED that a hearing on preliminary injunction is set for _June 24_ 2005, at _10_ a.m. at the United States Courthouse, _Greensboro_ North Carolina, and defendants are ordered to appear and then and there show cause, if any they have, why said injunction should not issue and/or raise any objection concerning any seizure affected pursuant to this Order.

12.    This Order or copies thereof may be served by any person over the age of 18 years who is not a party to this action.

13.    All persons who become aware of this Action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this order may reveal its existence and contents to the extent necessary to carry out their official duties and defendants may confer with attorneys concerning representation in this action.

Exhibit A

15 of 49

Jun-13-05  10:13am  From-United States District Court for MDNC  +3363326048  T-338  P.008  F-494

Done and dated at _Greensboro_, North Carolina, this _13_ the of June, 2005, at _9:30_ a.m.

United States District Judge

Exhibit A

16 of 49

**EXBIBIT A**

**NOTICE:**

Your Property Has Been Seized By Court Order

The United States District Court for the Middle District of North Carolina has ordered the seizure of counterfeit goods which violate the rights of the United States Golf Association and/or Pinehurst, Inc.

Plaintiffs in this action seek an order of destruction of these counterfeit items.

You are a Defendant in This Lawsuit.

You can contest this Lawsuit by:

     1.    Identifying yourself. You will be issued a receipt specifying the number and kind of items seized.

     2.    You can, at the time and place specified in the attached order, appear in Court and make any claim you wish.

     3.    You may obtain a complete set of pleadings, motions and supporting papers in this lawsuit at no charge from Pressly M. Millen, Womble Carlyle Sandridge & Rice, PLLC, P.O. Box 831, Raleigh, NC 27602 Telephone (919) 755-2100.

     4.    In addition to attending the hearing, an answer to the complaint must be served and filed within twenty (20) days. YOU SHOULD CONSULT AN ATTORNEY.

FAILURE TO CONTEST THIS ACTION WILL RESULT IN FORFEITURE OF THE PROPERTY SEIZED AND COULD RESULT IN THE ENTRY OF A DEFAULT JUDGMENT PERMANENTLY ENJOINING YOU FROM SELLING MERCHANDISE THAT VIOLATES THE RIGHTS OF UNITED STATES GOLF ASSOCIATION OR PINEHURST, INC.

RALEIGH 504454v1

Exhibit A

17 of 49

BOONE, SMITH, DAVIS, HURST, & DICKMAN
REUBEN DAVIS, OBA #2208
500 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103
Telephone: (918) 587-0000
Fax: (918) 599-9317

F I L E D

JUN 1 3 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

TRATTNER & ASSOCIATES
STEPHEN M. TRATTNER
1823 Jefferson Place, NW
Washington, D.C. 20036
Telephone: (202) 331-8020

01CV0425K (E)

Attorneys for Plaintiffs
UNITED STATES GOLF ASSOCIATION and
SOUTHERN HILLS COUNTRY CLUB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES GOLF ASSOCIATION, a Delaware corporation<br><br>and<br><br>SOUTHERN HILLS COUNTRY CLUB, an Oklahoma corporation,<br><br>      Plaintiffs,<br><br>    v.<br><br>VARIOUS JOHN and JANE DOES, Individuals, and VARIOUS XYZ CORPORATIONS,<br><br>      Defendants. | No.<br><br>**TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF INFRINGING GOODS, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br> |

This matter having come on for hearing on plaintiffs' ex parte Application for a Temporary Restraining Order and Order for Seizure of Infringing goods (the "Application"), and, after due consideration thereof, and for good cause shown, the Court makes the following findings of fact and conclusions of law and grants plaintiffs' Application:

1. Plaintiff USGA owns the federally registered marks "UNITED STATES OPEN CHAMPIONSHIP," "U.S. OPEN," "U.S. OPEN CHAMPIONSHIP," "UNITED STATES OPEN"

S:\DOCUMENTS\USGA\2001 TRO.WPD                    TEMPORARY RESTRAINING ORDER, ETC.

1.

Exhibit A

and "OPEN" ( hereinafter "USGA Marks"). Plaintiffs also own rights in the 2001 U.S. OPEN Logo. Plaintiffs' marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, term, name, symbol, or device confusingly similar to any of the foregoing marks shall be known herein as the "Enjoined Goods."

2 Plaintiffs have the exclusive right to apply and license others to apply USGA Marks to goods and to use USGA Marks in connection with rendering services.

3. Defendants are not licensed by plaintiff USGA to use USGA Marks.

4. It appears to this Court that defendants are or will be present in Tulsa County or within 20 miles of Southern Hills Country Club between the date of entry of this Order and June 21, 2001 for the purpose of manufacturing, distributing, offering for sale, or selling the Enjoined Goods.

5. The Enjoined Goods bear "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

6. Distribution, sale or offering the sale of the Enjoined Goods causes confusion and mistake and is likely to deceive and constitutes trademark infringement under 15 U.S.C. § 1114.

7. Distribution, sale, or offering the sale of the Enjoined Goods constitutes false designation of origin and trademark infringement under 15. U.S.C. § 11125(a).

8. This Court has the power to grant an ex parte Temporary Restraining Order and a Seizure Order for goods that bear counterfeits of federally registered trademarks under 15 U.S.C. § 1116(d).

9. This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant an ex parte Temporary Restraining Order and a Seizure Order for goods that are bear infringing (but not counterfeit) marks within the meaning of 15 U.S.C. § 1116(d).

10. No other order than an ex parte Seizure Order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

11. Plaintiffs are likely to succeed in showing that defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

S:\DOCUMENTS\USGA\2001 TRO.WPD                    TEMPORARY RESTRAINING ORDER, ETC.

2.

Exhibit A

19 of 49

12. Notice of this Motion need not be given to defendants prior to the ex parte hearing because: (a) the identities and whereabouts of defendants are presently unknown; (b) defendants have no business identity or stable place of business before or after the U.S. OPEN golf tournament and cannot be identified; (c) defendants who can be located and identified may cause the immediate concealment of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

13. Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Temporary Restraining Order and a Seizure Order.

14. The materials subject to said Seizure Order will be located in Tulsa, Oklahoma and/or within 20 miles of the Southern Hills Country Club and/or at locations to be identified by plaintiffs to the United States marshal or other law enforcement officer or person empowered by this Court to enforce said order. All said locations are within the Northern District of Oklahoma.

15. The harm to plaintiffs, should this Court not grant the requested Temporary Restraining Order and a Seizure Order, clearly outweighs any harm which the defendants might incur if the Temporary Restraining Order and a Seizure Order is granted.

16. Plaintiffs have not publicized the requested seizure.

17. Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

18. Plaintiffs have requested that the file of this case be sealed as required by 15 U.S.C. § 1116(d)(8).

19. Plaintiffs have complied with all statutory requirements for the issuance of an ex parte Temporary Restraining Order and Seizure Order.

It is accordingly ORDERED and ADJUDGED that, effective 4:15p.m. ~~9:00 a.m.~~ on June 13, 2001:

1. The defendants, JOHN and JANE DOES and XYZ CORPORATIONS, and his, her, and their partners, associates, agents, servants, employees, representatives and assigns, and all others under his, her or their control or acting in concert with him, her or them, and all other persons and

Exhibit A

entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

a.    manufacturing, assembling, selling, offering for sale, distributing or offering to distribute any merchandise or memorabilia which have not been authorized by plaintiffs and which bear the trademarks of plaintiff USGA (alone or in combination with other terms and/or designs), or any marks confusingly similar thereto (hereinafter "Enjoined Goods") as follows:

    i.    "UNITED STATES OPEN CHAMPIONSHIP";

    ii.    "U.S. OPEN";

    iii.    "U.S. OPEN CHAMPIONSHIP";

    iv.    "UNITED STATES OPEN";

    v.    "OPEN";

    vi.    2001 U.S. OPEN Logo (Exhibit B attached to the complaint); and

b.    Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by plaintiffs and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin, sponsorship, or approval of the Enjoined Goods.

2. The United States Marshall and his deputies and any other federal, state or local law enforcement agency or any other person empowered by this Court are hereby authorized and directed, with the assistance of plaintiffs' representative to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, means of making them, in the possession, dominion or control of defendants, their agents or persons acting in concert with them within Tulsa, Oklahoma and/or within 20 miles of Southern Hills Country Club and/or at any other location within the Northern District of Oklahoma identified by plaintiffs' counsel, Boone, Smith, Davis, Hurst & Dickman.

3. Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each defendant shall be served with a copy of (i) this Order, including a notice in the form of Exhibit A hereto, and (ii) a Summons and the Verified Complaint in this action. A

S:\Documents\USGA\2001 TRO.wpd          TEMPORARY RESTRAINING ORDER, ETC.

4.

Exhibit A

21 of 49

written receipt for all goods seized shall be given to the person from whom the goods are taken. The seized goods shall be kept in identifiable containers. The seized goods shall be tendered to plaintiffs' counsel by the law enforcement agency or organization seizing them. Plaintiffs' counsel shall keep safely and maintain the seized goods and shall bring them to the Court at any hearing to confirm or challenge a seizure.

4. Any person authorized by this Order to make said seizure is also authorized to serve process in this cause, and pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointed a special process server in this action. Any unnamed defendant may be served with process by handing said defendant a copy of the Summons and Verified Complaint in this action.

5. This Order is being issued without notice to protect plaintiffs from irreparable injury to its trademarks, service marks, name, and goodwill which may arise if defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third-party any of the goods which are the subject of this Order.

6. To effectuate and accomplish the Order herein, all appropriate law enforcement officials or other persons are permitted to break and enter any door, safe, entry, file, drawer, case, envelope, box or other storage container, and any automobile, truck, van, bus or other vehicle. If any defendant or other person fails to permit the persons described herein access in any manner or interferes with the execution of this Order, the person executing said Order is authorized to use al force reasonably necessary to effectuate such order. Persons executing this Order are authorized to obtain samples, photographs and other evidence of infringing goods and the circumstances of the sale, offering for sale or distribution of the Enjoined Goods.

7. Defendants shall cooperate with law enforcement officials and other persons executing such seizure and shall provide the items sought to be sized whenever such items are maintained.

8. Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

9. Plaintiffs shall, within seventy-two (72) hours, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $10,000 for

S:\DOCUMENTS\USGA\2001 TRO.WPD                          TEMPORARY RESTRAINING ORDER, ETC.

5.

the payment of s        costs and damages as may be incurre       suffered by any party who is found

to have been wrongfully restrained, pending the hearing and determination of the continuation of

this Order.

10.  Unless extended by the Court, this Order shall expire at 11:59 p.m. on June 22, 2001.

11.  IT IS FURTHER ORDERED that a hearing on preliminary injunction is set for

_June 25_, 2001, at _6:40_ a.m. at the United States Courthouse, Tulsa, Oklahoma, and

defendants are ordered to appear and then and there show cause, if any they have, why said

injunction should not issue and/or raise any objection concerning any seizure affected pursuant to

this Order.

12.  This Order or copies thereof may be served by any person over the age of 18 years

who is not a party to this action.

13   All persons who become aware of this Action and Order are ORDERED not to reveal

the existence of this action or Order to any other person, except that persons authorized to enforce

this order may reveal its existence and contents to the extent necessary to carry out their official

duties and defendants may confer with attorneys concerning representation in this action.

Done and dated at  _Tulsa_ , Oklahoma, this _13ᵗʰ_ day of June, 2001, at

_4:15_ p.m.

_James O. Ellison_

United States District Judge

**TEMPORARY RESTRAINING ORDER, ETC.**

Exhibit A

## EXHIBIT A

**NOTICE:**

Your Property Has Been Seized By Court Order

The United States District Court for the Northern District of Oklahoma has ordered the seizure of counterfeit goods which violate the rights of the United States Golf Association and/or the Southern Hills Country Club.

Plaintiffs in this action seek an order of destruction of these counterfeit items.

You are a Defendant in This Lawsuit.

You can contest this Lawsuit by:

1.    Identifying yourself.  You will be issued a receipt specifying the number and kind of items seized.

2.    You can, at the time and place specified in the attached order, appear in Court and make any claim you wish.

3.    You may obtain a complete set of pleadings, motions and supporting papers in this lawsuit at no charge from Reuben Davis, Esq., Boone, Smith, Davis, Hurst & Dickman, 500 ONEOK Plaza, 100 West 5th Street, Tulsa, Oklahoma 74103; telephone: (918) 587-0000.

4.    In addition to attending the hearing, an answer to the complaint must be served and filed within twenty (20) days.  YOU SHOULD CONSULT AN ATTORNEY.

FAILURE TO CONTEST THIS ACTION WILL RESULT IN FORFEITURE OF THE PROPERTY SEIZED AND COULD RESULT IN THE ENTRY OF A DEFAULT JUDGMENT PERMANENTLY ENJOINING YOU FROM SELLING MERCHANDISE THAT VIOLATES THE RIGHTS OF UNITED STATES GOLF ASSOCIATION.

S:\DOCUMENTS\USGA\2001 TRO.WPD                    TEMPORARY RESTRAINING ORDER, ETC.

Exhibit A

24 of 49

1  COOLEY GODWARD LLP
   JANET L. CULLUM (104336)
2  Five Palo Alto Square, 3000 El Camino Real
   Palo Alto, CA 94306-2155
3  Telephone: (650) 843-5000

4  TRATTNER & ASSOCIATES
   STEPHEN M. TRATTNER
5  JOHN J. DABNEY
   1823 Jefferson Place, NW
6  Washington, D.C. 20036
   Telephone: (202) 331-8020

7
   Attorneys for Plaintiff
8  UNITED STATES GOLF ASSOCIATION

9
              UNITED STATES DISTRICT COURT
10
              NORTHERN DISTRICT OF CALIFORNIA
11
              SAN FRANCISCO DIVISION
12

13 UNITED STATES GOLF ASSOCIATION,    No. **C 98-2431**
   a Delaware corporation,
14                                      **TEMPORARY RESTRAINING
                Plaintiff,              ORDER, ORDER FOR SEIZURE OF
15                                      INFRINGING GOODS, AND ORDER TO
        v.                              SHOW CAUSE RE: PRELIMINARY
16                                      INJUNCTION**
   VARIOUS JOHN and JANE DOES,
17 Individuals, and VARIOUS XYZ
   CORPORATIONS,
18
                Defendants.
19

20         This matter having come on for hearing on plaintiff's ex parte Application for a

21 Temporary Restraining Order and Order for Seizure of Infringing goods (the "Application"), and,

22 after due consideration thereof, and for good cause shown, the Court makes the following findings

23 of fact and conclusions of law and grants plaintiff's Application:

24         1.    Plaintiff owns the federally registered marks "UNITED STATES OPEN

25 CHAMPIONSHIP," "U.S. OPEN," "U.S. OPEN CHAMPIONSHIP," "UNITED STATES OPEN"

26 and "OPEN." Plaintiff also owns rights in the 1998 U.S. OPEN Logo. Plaintiff's marks are

27 distinctive and are widely recognized by the public. Goods that bear any mark, word, term, name,

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO
250959 v1/PA
SDN3011.DOC

                                     **TEMPORARY RESTRAINING ORDER, ETC.**
                                     1.

PLAINTIFF'S
EXHIBIT
A

1     symbol, or devi   :onfusingly similar to any of the fore̲   .g marks shall be known herein as the

2     "Enjoined Goods."

3         2      Plaintiff has the exclusive right to apply and license others to apply plaintiff's marks

4     to goods and to use plaintiff's marks in connection with rendering services.

5.        3.      Defendants are not licensed by plaintiff to use plaintiff's marks.

6         4.      It appears to this Court that defendants are or will be present in San Francisco

7     County or within 20 miles of The Olympic Club between the date of entry of this Order and June

8     21, 1998 for the purpose of manufacturing, distributing, offering for sale, or selling the Enjoined

9     Goods.

10        5.      The Enjoined Goods bear "counterfeit marks" within the meaning of 15 U.S.C.

11     § 1116(d).

12        6.      Distribution, sale or offering the sale of the Enjoined Goods causes confusion and

13     mistake and is likely to deceive and constitutes trademark infringement under 15 U.S.C. § 1114.

14        7.      Distribution, sale, or offering the sale of the Enjoined Goods constitutes false

15     designation of origin and trademark infringement under 15. U.S.C. § 11125(a).

16        8.      This Court has the power to grant an ex parte Temporary Restraining Order and a

17     Seizure Order for goods that bear counterfeits of federally registered trademarks under 15 U.S.C.

18     § 1116(d).

19        9.      This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant an ex

20     parte Temporary Restraining Order and a Seizure Order for goods that are bear infringing (but not

21     counterfeit) marks within the meaning of 15 U.S.C. § 1116(d).

22        10.     No other order than an ex parte Seizure Order would adequately achieve the

23     objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

24        11.     Plaintiff is likely to succeed in showing that defendants have used counterfeit or

25     infringing marks in connection with the sale, offering for sale or distribution of goods or services.

26        12.     Notice of this Motion need not be given to defendants prior to the ex parte hearing

27     because: (a) the identities and whereabouts of defendants are presently unknown; (b) defendants

28     have no business identity or stable place of business before or after the U.S. OPEN golf

XLEY GODWARD LLP    250959 v1/PA
ITORNEYS AT LAW    SDN3011.DOC
PALO ALTO

TEMPORARY RESTRAINING ORDER, ETC.

2.

Exhibit A

26 of 49

1    tournament and   ...not be identified; (c) defendants who ...an be located and identified may cause

2    the immediate concealment of the Enjoined Goods or removal of the Enjoined Goods outside the

3    access of this Court.

4         13.   · Plaintiff will suffer immediate and irreparable injury and will have no adequate

5    remedy at law if this Court declines to grant an ex parte Temporary Restraining Order and a

6    Seizure Order.

7         14.   The materials subject to said Seizure Order will be located in San Francisco,

8    California and/or within 20 miles of the Olympic Club and/or at locations to be identified by

9    plaintiff to the United States marshal or other law enforcement officer or person empowered by

10   this Court to enforce said order. All said locations are within the Northern District of California.

11        15.   The harm to plaintiff, should this Court not grant the requested Temporary

12   Restraining Order and a Seizure Order, clearly outweighs any harm which the defendants might

13   incur if the Temporary Restraining Order and a Seizure Order is granted.

14        16.   Plaintiff has not publicized the requested seizure.

15        17.   Plaintiff has given .reasonable notice of this Application to the United States

16   Attorney for this District.

17        18.   Plaintiff has requested that the file of this case be sealed as required by 15 U.S.C.

18   § 1116(d)(8).

19        19.   Plaintiff has complied with all statutory requirements for the issuance of an ex parte

20   Temporary Restraining Order and Seizure Order.                    $\alpha$ß.

21        It is accordingly ORDERED and ADJUDGED that, effective 9:00 a.m. 3:00 p.m. on June 18, 1998:

22        1.   The defendants, JOHN and JANE DOES and XYZ CORPORATIONS, and his,

23   her, and their partners, associates, agents, servants, employees, representatives and assigns, and all

24   others under his, her or their control or acting in concert with him, her or them, and all other

25   persons and entities having actual knowledge hereof be, and the same hereby are, temporarily

26   ENJOINED and RESTRAINED from:

27             a.   manufacturing, assembling, selling, offering for sale, distributing or offering

28   to distribute any merchandise or memorabilia which have not been authorized by plaintiff and

Exhibit A
27 of 49

which bear the marks of plaintiff, or any marks confusingly similar thereto (hereinafter "Enjoined Goods") as follows:

      i.    "UNITED STATES OPEN CHAMPIONSHIP";

      ii.   "U.S. OPEN";

      iii.  "U.S. OPEN CHAMPIONSHIP";

      iv.  "UNITED STATES OPEN";

      v.   "OPEN";

      vi.  1998 U.S. OPEN Logo.

(Hereinafter "Enjoined Goods); and

    b.    Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by plaintiff and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin, sponsorship, or approval of the Enjoined Goods.

    2.    The United States Marshall and his deputies and any other federal, state or local law enforcement agency or any other person empowered by this Court are hereby authorized and directed, with the assistance of plaintiff's representative to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, means of making them, in the possession, dominion or control of defendants, their agents or persons acting in concert with them within San Francisco, California and/or within 20 miles of The Olympic Club and/or at any other location within the Northern District of California identified by plaintiff's counsel, Cooley Godward, LLP.

    3.    Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each defendant shall be served with a copy of (i) this Order, including a notice in the form of Exhibit A hereto, and (ii) a Summons and the Verified Complaint in this action. A written receipt for all goods seized shall be given to the person from whom the goods are taken. The seized goods shall be kept in identifiable containers. The seized goods shall be tendered to plaintiff's counsel by the law enforcement agency or organization seizing them. Plaintiff's counsel

EY GODWARD LLP
ORNEYS AT LAW
PALO ALTO

250959 v1/PA
5DN3011.DOC

TEMPORARY RESTRAINING ORDER, ETC.

4.

Exhibit A

28 of 49

1   shall keep safel·   ıd maintain the seized goods and shal   ng them to the Court at any hearing to

2   confirm or challenge a seizure.

3       4.     Any person authorized by this Order to make said seizure is also authorized to serve

4   process in this cause, and pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointed a special

5   process server in this action. Any unnamed defendant may be served with process by handing said

6   defendant a copy of the Summons and Verified Complaint in this action.

7       5.     This Order is being issued without notice to protect plaintiff from irreparable injury

8   to its trademarks, service marks, name, and goodwill which may arise if defendants or any person

9   described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods

10  which are the subject of this Order.

11      6.    To effectuate and accomplish the Order herein, all appropriate law enforcement

12  officials or other persons are permitted to break and enter any door, safe, entry, file, drawer, case,

13  envelope, box or other storage container, and any automobile, truck, van, bus or other vehicle. If

14  any defendant or other person fails to permit the persons described herein access in any manner or

15  interferes with the execution of this Order, the person executing said Order is authorized to use al

16  force reasonably necessary to effectuate such order. Persons executing this Order are authorized to

17  obtain samples, photographs and other evidence of infringing goods and the circumstances of the

18  sale, offering for sale or distribution of the Enjoined Goods.

19      7.     Defendants shall cooperate with law enforcement officials and other persons

20  executing such seizure and shall provide the items sought to be sized whenever such items are

21  maintained.

22      8.     Defendants are hereby required to provide the persons executing this Order with

23  correct names, residential and business addresses and telephone numbers.

24      9.     Plaintiff shall, within ~~seventy-two (72)~~ *twenty-four (24)* hours, post security, in the form of a cash

25  bond or corporate surety bond or other form approved by the Court, in the amount of *five thousand*

26  for the payment of such costs and damages as may be incurred or suffered by any party who is

27  found to have been wrongfully restrained, pending the hearing and determination of the

28  continuation of this Order.

BLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

250959 v1/PA
SDN3011.DOC

TEMPORARY RESTRAINING ORDER, ETC.

5.

Exhibit A

1    10.    Unless extended by the Court, this Order shall expire at 11:59 p.m. on June 21,

2    1998.

3    11.    IT IS FURTHER ORDERED that a hearing on preliminary injunction is set for

4    June 26, 1998, at 10 a.m. at the United States Courthouse, San Francisco, California, and

5    defendants are ordered to appear and then and there show cause, if any they have, why said

6    injunction should not issue and/or raise any objection concerning any seizure affected pursuant to

7    this Order.

8    12.    This Order or copies thereof may be served by any person over the age of 18 years

9    who is not a party to this action.

10    13    All persons who become aware of this Action and Order are ORDERED not to

11    reveal the existence of this action or Order to any other person, except that persons authorized to

12    enforce this order may reveal its existence and contents to the extent necessary to carry out their

13    official duties and defendants may confer with attorneys concerning representation in this action.

14    Done and dated at San Francisco, California, this 18 day of June, 1998, at

15    2:30 p. m.

16

17    _____
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

250959 v1/PA
SDN3011.DOC

TEMPORARY RESTRAINING ORDER, ETC.

Exhibit A
30 of 49

# EXHIBIT A

**NOTICE:**

Your Property Has Been Seized By Court Order

The United States District Court for the Northern District of California has ordered the seizure of counterfeit goods which violate the rights of the United States Golf Association and/or the Olympic Club.

Plaintiff in this action seeks an order of destruction of these counterfeit items.

You are a Defendant in This Lawsuit.

You can contest this Lawsuit by:

1.      Identifying yourself. You will be issued a receipt specifying the number and kind of items seized.

2.      You can, at the time and place specified in the attached order, appear in Court and make any claim you wish.

3.      You may obtain a complete set of pleadings, motions and supporting papers in this lawsuit at no charge from Janet L. Cullum, Esq., COOLEY GODWARD, LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306; telephone: (650) 843-5000.

4.      In addition to attending the hearing, an answer to the complaint must be served and filed within twenty (20) days. YOU SHOULD CONSULT AN ATTORNEY.

FAILURE TO CONTEST THIS ACTION WILL RESULT IN FORFEITURE OF THE PROPERTY SEIZED AND COULD RESULT IN THE ENTRY OF A DEFAULT JUDGMENT PERMANENTLY ENJOINING YOU FROM SELLING MERCHANDISE THAT VIOLATES THE RIGHTS OF UNITED STATES GOLF ASSOCIATION.



EXHIBIT

A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES GOLF ASSOCIATION, A Delaware corporation, and OAKMONT COUNTRY CLUB, a Pennsylvania non-profit corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. 94-0960 |
| VARIOUS JOHN AND JANE DOES, Individuals, and VARIOUS XYZ CORPORATIONS, | ) ) ) ) | |
| Defendants. | ) ) | |

TEMPORARY RESTRAINING ORDER,
ORDER FOR SEIZURE OF COUNTERFEIT GOODS, AND
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

This matter having come on for hearing on the Plaintiffs'
ex parte Application for a Temporary Restraining Order and Order
for Seizure of Counterfeit Goods (the "Application"), and, after
due consideration thereof, the Court makes the following
findings of fact and conclusions of law and grants Plaintiffs'
Application:

1.    Plaintiffs collectively are the owners of marks
"UNITED STATES OPEN CHAMPIONSHIP," "U.S. OPEN," "U.S. OPEN
CHAMPIONSHIP," "UNITED STATES OPEN," "OPEN," "OCC," "OAKMONT,"
"OAKMONT COUNTRY CLUB" and Oakmont Country Club's squirrel
design (all of which are the subject of trademark registrations
attached to the Complaint in this Action). Goods that bear any
mark, word or name confusingly similar to any of the foregoing
marks shall be known herein as    the "Enjoined Goods."

1

EXHIBIT

A

Plaintiffs' marks are distinctive and are widely recognized by the public.

2. All of Plaintiffs' foregoing marks are federally registered and certain of Plaintiffs' marks are also registered with the Commonwealth of Pennsylvania.

3. Plaintiffs have the exclusive right to apply and license others to apply Plaintiffs' marks to goods and to use Plaintiffs' marks in connection with rendering services.

4. Defendants are not licensed by Plaintiffs to use Plaintiffs' marks.

5. The Court finds Defendants will be present in Allegheny County or within 20 miles of Oakmont Country Club between the date of entry of this Order and June 20, 1994 for the purpose of manufacturing, distributing, offering for sale and selling the Enjoined Goods.

6. The Enjoined Goods are "counterfeit goods" within the meaning of 15 U.S.C. §1116(d).

7. Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8. Distribution, sale, or offering the sale of the Enjoined Goods would constitute false designation of origin under 15 U.S.C. §1125(a).

2

connection with the sale, offering for sale or distribution of goods or services.

17. Notice of this Application need not be given to Defendants prior to ex parte hearing because: (a) the identities and whereabouts of Defendants are presently unknown; (b) Defendants have no business identity or stable place of business before or after the U.S. Open golf tournament and cannot be identified; (c) Defendants who can be located and identified may cause the immediate concealment of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

18. Plaintiffs will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an <u>ex parte</u> Seizure Order.

19. The materials subject to said Seizure Order will be located in Allegheny County, Pennsylvania and/or within 20 miles of Oakmont Country Club and/or at locations to be identified by Plaintiffs to the United States Marshal or other law enforcement officer or person empowered by this Court to enforce said Order. All said locations are within the Western District of Pennsylvania.

20. The harm to Plaintiffs, should this Court not grant the requested Seizure Order, clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

21. Plaintiffs have not publicized the requested seizure.

4

22. Plaintiffs have given reasonable notice of this Application to the United States Attorney for this District.

23. The file of this case has been sealed as required by 15 U.S.C. §1116(d)(8).

24. Plaintiffs have complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1. The Defendants, JOHN and JANE DOES and XYZ CORPORATIONS and his, her, and their partners, associates, agents, servants, employees, representatives and assigns, and all others under his, her or their control or acting in concert with him, her or them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from

(a) manufacturing, assembling, selling, offering for sale, distributing or offering to distribute any merchandise or memorabilia (hereinafter "Enjoined Goods") which have not been authorized by Plaintiffs and which bear the trademarks of Plaintiffs, or any marks confusingly similar thereto as follows:

    (i)   "UNITED STATES OPEN CHAMPIONSHIP";

    (ii)  "U.S. OPEN";

    (iii) "U.S. OPEN CHAMPIONSHIP";

    (iv)  "UNITED STATES OPEN";

    (v)   "OPEN";

    (vi)  "OCC";

    (vii)  "OAKMONT";

5

(viii)    "OAKMONT COUNTRY CLUB";

(ix) Oakmont Country Club's squirrel design depicted in Exhibit 1 attached hereto; or

(b) Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by Plaintiffs and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.    The United States Marshal and his deputies and any member of any other federal, state, or local law enforcement agency, or person acting under the supervision and control of the United States Marshal, are hereby authorized and directed, with the assistance of Plaintiffs' representatives to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, in the possession, dominion or control of Defendants, their agents or persons acting in concert with them within Allegheny County, Pennsylvania and/or within 20 miles of Oakmont Country Club and/or at any other location within the Western District of Pennsylvania identified to the United States Marshal by Plaintiffs' representatives.

3.    Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including a notice in the form of Exhibit 2 hereto, and (ii) a Summons and the Complaint in this action. A written receipt for

6

Exhibit A 9
36 of 49

all goods seized shall be given to the person from whom the goods are taken. The seized goods shall be kept in identifiable containers.

4.    Plaintiffs' counsel or any person authorized by this Order to make said seizure is also authorized to serve process in this cause, and pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointed a special process server in this action. Any unnamed Defendant may be served with process by handing said Defendant a copy of the Summons and Complaint in this Action.

5.    This Order is being issued without notice to protect Plaintiffs from irreparable injury to their trademarks, service marks, names and goodwill which may arise if Defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

6.    Defendants shall cooperate with law enforcement officials and other person executing such seizure and shall provide the items sought to be seized wherever such items are maintained.

7.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

8.    Plaintiffs shall, within twenty-four (24) hours of the issuance of this order, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $25,000 for the payment of such costs

7

Exhibit A ⁹

and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

9.    Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire at 11:59 p.m. Eastern Daylight Time on Wednesday, June 15, 1994.

10.   IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for June 23, 1994, at 9:30 a.m. in Courtroom No. 7 at the United States Courthouse, Seventh Avenue and Grant Street, Pittsburgh, Pennsylvania, and Defendants are ordered to appear and then and there show cause, if any they have, why said injunction should not issue and/or raise any objection concerning any seizure affected pursuant to this Order.

11.   This Order or copies thereof may be served by a United States Marshal or other law enforcement officer.

12.   All persons who become aware of this Action and Order are ORDERED not to reveal the existence of this Action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this Action.

8

Exhibit A 9

Done and dated at Pittsburgh, Pennsylvania, this 8th day
of June, 1994, at 12:00 p.m.

Donald J. Lee
United States District Judge

9

KE2945

LINDABURY, McCORMICK & ESTABROOK
A Professional Corporation
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Plaintiffs



ORIGINAL FILED
JUN 11 1993
WILLIAM T. WALSH, CLERK

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES GOLF ASSOCIATION and BALTUSROL GOLF CLUB, | : Civil Action No.: 93- 2506 (JE |
| Plaintiffs, | : ORDER TO SHOW CAUSE ON MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE |
| vs. | : |
| VARIOUS JOHN DOES, JANE DOES and XYZ COMPANY, | : |
| Defendants. | : |

This matter having come on for hearing on th
plaintiffs' ex parte Application for a Temporary Restrainin
Order and Order for Seizure of Counterfeit goods (th
"Application"), and, after due consideration thereof, and fo:
good cause shown, the Court finds that plaintiffs are likely t(
succeed on the merits, that the requested order is minimall;
necessary to protect plaintiffs from great and irreparable
immediate injury, that the harm to plaintiffs outweighs the
harm to defendants, that the goods to be seized will be located
in this District, and that the requested ex parte order is

necess y to prevent dissipatior f the counterfeit goods therefore, the Application is GRANTED.

It is accordingly ORDERED that:

1.    The defendants, John and Jane Does and Corporations, his, her its and their partners, associat directors, officers, agents, servants, employe representatives and assigns, and all others under his, her, or their control, or acting in concert with him, her, it them, and all other persons and entities having acti knowledge hereof be, and the same hereby are, temporari ENJOINED and RESTRAINED from manufacturing, assemblin selling, offering for sale, distributing or offering distribute any merchandise or memorabilia (hereinafter "goods which have not been authorized by plaintiffs and which ma reference to the 1993 U.S. Open Championship or which bear a mark, word or name confusingly similar to "U.S. Open" "Open", or which bear any mark, word or name confusing similar to "Balatusrol Golf Club" or "Baltusrol".

2.    The United States Marshall and his deputies ar any other federal, state or local law enforcement agency ar hereby authorized to seize and maintain in their custody an control any and all such unauthorized goods which are in th custody or control of all persons described in paragraph 1 o this Order.

3.    Simultaneously with said seizure, or as soo

-2-

there ter as is practical ..der the circumstances, defendant shall be served with a copy of (i) this o including a notice in the form of Exhibit 1 hereto, and ( Summons and the Complaint in this action.  A written re for all goods seized shall be kept in identifiable contai The seized goods shall be tendered to plaintiffs' counse the law enforcement agency or organization seizing t Plaintiffs' counsel shall keep safely and maintain the se goods and shall bring them to the Court at such time as Court may order.  The order may be served in facsimile form.

4.    Any person authorized by this Order to make seizure is also authorized to serve process in this cause, pursuant to Rule 4(c), Fed. R. Civ. P., is hereby appointe special process server in this action.

5.    This Order is being issued without notice protect plaintiffs from irreparable injury to their tradema: service marks, names and goodwill which may arise if defenda or any person described in paragraph 1 hereof should dissip or transfer to any third party any of the goods which are subject of this Order.

6.    Plaintiffs shall, within seventy-two (72) hou post security, in the form of a cash bond or corporate sur bond or other approved by the Court, in the amount of $10,0 for the payment of such costs and damages as may be incurred suffered by any party who is found to have been wrongfu:

-3-



Barry L. Cohen
Direct Dial 215 640 8511
Email: bcohen@thorpreed.com

**ATTORNEYS AT LAW SINCE 1895**

**VIA HAND DELIVERY & CONFIDENTIAL**

June 2, 2008

Karen P. Hewitt, Esq.
United States Attorney
for the Southern District of California
U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN
DISTRICT OF CALIFORNIA
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893

Re:    Ex Parte Motion for TRO and Order for Seizure

Dear U.S. Attorney Hewitt:

Please note that I am counsel to the United States Golf Association, Inc. ("USGA").
Pursuant to 15 U.S.C. §1116(d)(2), this is to provide you with NOTICE that the USGA is
planning to file, either today or the next court day, a Complaint, and a Motion for
Temporary Retraining Order, Order for Seizure of Infringing Goods and for Preliminary
Injunction, along with a Motion to Seal the File.

The basis of such Motion is to stop the sale of counterfeit goods at the upcoming
U.S. OPEN which is scheduled to take place at Torrey Pines Golf Course during the
period of June 12 through June 15, 2008 (with practice rounds beginning on June 9, 2008
and play possibly continuing until June 16, 2008 in the case of a tie necessitating a
playoff). The expected counterfeit goods will infringe upon USGA's Registered
Trademarks (registration nos. 1,151,942; 1,151,943; 1,151,944; 1,151,946; and
1,832,941) and Oakmont's Registered Trademarks (registration nos. 1,295,036;
1,784,136; and 1,289,121.

If you have any questions please do not hesiate contact me. Thank you for your
cooperation.

Respectfully yours,

Barry L. Cohen

Pittsburgh

Philadelphia

Princeton

Wheeling

Thorp Reed & Armstrong, LLP
One Commerce Square
2005 Market Street
Suite 1910
Philadelphia, PA 19103
215 640 8500
215 640 8501 Fax

BLC/lm
Cc:    Douglas M. Butz, Esquire
       Butz Dunn & DeSantis, P.C.

**Exhibit B**

43 of 49




Barry L. Cohen
Direct Dial 215 640 8511
Email: bcohen@thorpreed.com

ATTORNEYS AT LAW SINCE 1895

**VIA HAND DELIVERY & CONFIDENTIAL**

June 2, 2008

Karen P. Hewitt, Esq.
United States Attorney
for the Southern District of California
U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN
DISTRICT OF CALIFORNIA
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893

Re:    **Ex Parte Motion for TRO and Order for Seizure**

Dear U.S. Attorney Hewitt:

Please note that I am counsel to the United States Golf Association, Inc. ("USGA"). Pursuant to 15 U.S.C. §1116(d)(2), this is to provide you with NOTICE that the USGA is planning to file, either today or the next court day, a Complaint, and a Motion for Temporary Retraining Order, Order for Seizure of Infringing Goods and for Preliminary Injunction, along with a Motion to Seal the File.

The basis of such Motion is to stop the sale of counterfeit goods at the upcoming U.S. OPEN which is scheduled to take place at Torrey Pines Golf Course during the period of June 12 through June 15, 2008 (with practice rounds beginning on June 9, 2008 and play possibly continuing until June 16, 2008 in the case of a tie necessitating a playoff). The expected counterfeit goods will infringe upon USGA's Registered Trademarks (registration nos. 1,151,942; 1,151,943; 1,151,944; 1,151,946; and 1,832,941) and Oakmont's Registered Trademarks (registration nos. 1,295,036; 1,784,136; and 1,289,121).

If you have any questions please do not hesiate contact me. Thank you for your cooperation.

Respectfully yours,

*Barry L. Cohen*
Barry L. Cohen

Pittsburgh

Philadelphia

Princeton

Wheeling

Thorp Reed & Armstrong, LLP
One Commerce Square
2005 Market Street
Suite 1910
Philadelphia, PA 19103
215 640 8500
215 640 8501 Fax

BLC/lm
Cc:    Douglas M. Butz, Esquire
       Butz Dunn & DeSantis, P.C.

**EXHIBIT C**

1  Douglas M. Butz, Esq. (SBN 060722)
   dmbutz@butzdunn.com
2  Jocelyn D. Hannah, Esq. (SBN 224666)
   jhannah@butzdunn.com
3  David D. Cardone, Esq. (SBN 254954)
   dcardone@butzdunn.com
4  BUTZ DUNN & DESANTIS
   A PROFESSIONAL CORPORATION
5  Attorneys At Law
   101 West Broadway, Suite 1700
6  San Diego, California 92101-8289
   (619) 233-4777 / Facsimile (619) 231-0341
7  and
   BARRY L. COHEN, ESQ.
8  bcohen@thorpreed.com
   JERRI A. RYAN, ESQ. (SBN 201814)
9  jryan@thorpreed.com
   THORP REED & ARMSTRONG, LLP
10 2005 Market Street, Suite 1910
   Philadelphia, Pennsylvania 19103
11 Telephone: (215) 640-8500
   Facsimile : (215) 640-8501
12
   Attorneys for Plaintiff,
13 United States Golf Association, Inc.

14               UNITED STATES DISTRICT COURT

15             SOUTHERN DISTRICT OF CALIFORNIA

16 UNITED STATES GOLF ASSOCIATION,    )   CASE NO. _____
   INC.                               )
17           Plaintiff,               )   [PROPOSED]  ORDER
                                      )
18 vs.                                )
                                      )
19 VARIOUS JOHN and JANE DOES         )
   Individuals                        )
20                                    )
                                      )
21 and                                )
                                      )
22 VARIOUS XYZ ENTITIES,              )
           Defendants.               )
23 ─────────────────────────────────)

24

25 / / /

26 / / /

27 / / /

28 / / /

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Exhibit C  1c
44 of 49                                    1
        [PROPOSED] ORDER

1    After consideration of the United States Golf Association's Motion to File Under Seal in the

2  above-captioned matter, it is hereby ORDERED that the Motion is GRANTED.  The Court directs

3  the Clerk of Court for the Southern District of California to seal all filings in the above captioned

4  matter until further Order of the Court on the issue.

5    SO ORDERED this _____ day of June, 2008

6

7    _____

      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Exhibit C  10

45 of 49

2

[PROPOSED] ORDER

1    Douglas M. Butz, Esq. (SBN 060722)
     dmbutz@butzdunn.com
2    Jocelyn D. Hannah, Esq. (SBN 224666)
     jhannah@butzdunn.com
3    David D. Cardone, Esq. (SBN 254954)
     dcardone@butzdunn.com
4    BUTZ DUNN & DESANTIS
     A PROFESSIONAL CORPORATION
5    Attorneys At Law
     101 West Broadway, Suite 1700
6    San Diego, California 92101-8289
     (619) 233-4777 / Facsimile (619) 231-0341
7    and
     BARRY L. COHEN, ESQ.
8    bcohen@thorpreed.com
     JERRI A. RYAN, ESQ. (SBN 201814)
9    jryan@thorpreed.com
     THORP REED & ARMSTRONG, LLP
10   2005 Market Street, Suite 1910
     Philadelphia, Pennsylvania 19103
11   Telephone: (215) 640-8500
     Facsimile : (215) 640-8501
12
     Attorneys for Plaintiff,
13   United States Golf Association, Inc.

14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16   UNITED STATES GOLF ASSOCIATION,       )    CASE NO. _____
     INC.                                   )
17               Plaintiff,                 )    AFFIDAVIT OF LIEUTENANT
                                            )    DANIEL CHRISTMAN
18   vs.                                     )
                                            )
19   VARIOUS JOHN and JANE DOES             )
     Individuals                            )
20                                          )
                                            )
21   and                                    )
                                            )
22   VARIOUS XYZ ENTITIES,                  )
             Defendants.                     )
23   ───────────────────────────────────)
                                            )
24                                          )

25

26        I, Lieutenant Daniel Christman, being duly sworn, hereby depose and say:

27        1.    I am over eighteen (18) years of age and fully competent to make the statements

28   herein.

_Butz Dunn DeSantis_
_A PROFESSIONAL CORPORATION_
_101 WEST BROADWAY, SUITE 1700_
_SAN DIEGO, CALIFORNIA 92101_
_(619) 233-4777_

1    2.    I have personal knowledge of the statements herein.

2    3.    I am currently employed as a Lieutenant for Special Event Operations with the San

3    Diego Police Department and have held such position since 2006.  Currently, seven (7) sworn

4    police officers and one hundred and ninety (190) non-sworn traffic control officers work for me in

5    various investigative units.

6    4.    I have been employed in the field of law enforcement for the past twenty-six (26)

7    years.

8    5.    In the past, I have supervised other police officers on several occasions who worked

9    with trademark owners in the enforcement of laws related to counterfeit merchandise based in San

10    Diego County, California.  Such work has included enforcing and investigating bootleggers and

11    counterfeiters of merchandise which bear registered trademarks.

12    6.    As such, I am familiar with counterfeiting activity that takes place in San Diego

13    County with regards to certain events, such as sporting events and rock concerts.

14    7.    I have been one of the primary planners for security and transportation, and will

15    oversee interior security related to the United States Golf Association's ("USGA"'s) 2008 U.S.

16    Open which will take place from June 12-15, 2008 (with practice rounds from June 9-11, 2008 and

17    the chance of a playoff taking place on June 16, 2008) at Torrey Pines South Golf Course.

18    8.    Based upon my experience, I fully expect bootleggers and counterfeiters to sell or

19    offer for sale merchandise, including but not limited to, t-shirts and hats and other clothing and/or

20    merchandise which contain and/or include trademarks and/or other indicia which belong to USGA.

21    9.    In my experience, the only effective enforcement and prevention mechanism that

22    exists to deter and prevent such unauthorized activity at such events, such as the 2008 U.S. Open,

23    is a Temporary Restraining Order and an Order of Seizure, without providing advanced notice to

24    the persons selling the counterfeit merchandise.

25    / / /

26    / / /

27    / / /

28    / / /

BUTZ DUNN DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Exhibit D

2

AFFIDAVIT OF LIEUTENANT DANIEL CHRISTMAN

10.    In my experience, if advance notice is provided to the bootleggers, they will not appear at a Court hearing and/or the counterfeit merchandise will disappear in part or in its entirety.

I verify under penalty of perjury that the foregoing statements are true and correct.

Executed this **29** day of **MAY**, 2008, in San Diego, California.

_Dan Christ_

Lieutenant Daniel Christman

Sworn to and subscribed before

me this **29th** day of **May**, 2008.

_May P. Carpine_

Notary Public

BUTZ DUNN DeSANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

Exhibit D 28

48 of 49

3

AFFIDAVIT OF LIEUTENANT DANIEL CHRISTMAN

# ACKNOWLEDGMENT

State of California
County of _San Diego_____ )

On _May 29, 2008___ before me, _Mary P. Carpinelli_____
(insert name and title of the officer)

personally appeared _Lieutenant Daniel Christman_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _May P. Carpinell_____ (Seal)

MARY P. CARPINELLI
COMM. #1563153
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Comm. Exp. MARCH 21, 2009

Exhibit D  2

49 of 49